**IN THE COURT OF APPEALS OF IOWA**

No. 17-2032
Filed March 7, 2018

**IN THE INTEREST OF R.J.,**
**Minor Child,**

**R.J., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Christine Dalton Ploof,

District Associate Judge.


        A father appeals the termination of his parental rights to his child.

**AFFIRMED.**


        Martha L. Cox, Bettendorf, for appellant father.

        Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant

Attorney General, for appellee State.

        Rebecca C. Sharpe of Aitken, Aitken & Sharpe, P.C., Bettendorf, guardian

ad litem for minor child.


        Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**DOYLE, Presiding Judge.**

A father appeals the termination of his parental rights to his child. He challenges the sufficiency of the evidence proving the statutory grounds for termination. He also seeks to avoid termination of his parental rights under one of the statutory exceptions provided in Iowa Code section 232.116(3) (2017). We review his claims de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).

The child was born in 2014. The juvenile court adjudicated the child to be in need of assistance (CINA) in 2016 after testing positive for exposure to marijuana metabolites. The juvenile court succinctly summarized the facts leading to the CINA adjudication in its August 2017 permanency order:

> The basis for adjudication and removal was that the child tested positive for THC. The father was the likely source of the drug exposure because he regularly smoked marijuana and there were reports he smoked in the car while the child was present. The parents have a history of domestic violence when the child is present. Although the child has not been hurt in an incident, she is far too young to avoid a conflict between her parents. This child has been physically abused and neglected by her parents over a year ago when she was burnt by hot water while being bathed. It is interesting to note the father was convicted of child endangerment for slapping a different toddler twice in the face leaving red raised handprints.

Due to incarceration, the father has not had contact with the child since April 2017.

The State filed a petition to terminate the father's parental rights in August 2017. Following a November 2017 termination hearing, the juvenile court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(d), (h), and (i).

Before the court may terminate parental rights, it must find clear and convincing evidence supporting one of the grounds for termination listed under section 232.116(1). *See In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). We need

only find grounds to terminate parental rights under one of the sections cited by the juvenile court to affirm. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). The father argues the State failed to establish the grounds for terminating his parental rights under section 232.116(1)(d) because there is insufficient evidence that he was offered or received services to correct the circumstances that led to the CINA adjudication. *See* Iowa Code § 232.116(1)(d)(2). However, he does not challenge the sufficiency of the evidence establishing any of the statutory grounds for terminating his parental rights under subsections (h) or (i), instead arguing that a statutory exception should be applied to avoid terminating his parental rights. The father has thereby waived any challenge to termination of his parental rights under section 232.116(1)(h) and (i). *See* Iowa R. App. P. 6.903(2)(g)(3); *L.N.S. v. S.W.S.*, 854 N.W.2d 699, 702-03 (Iowa Ct. App. 2013). Even assuming the father did not waive the issue, there is ample evidence in the record to support termination of the father's parental rights under section 232.116(1)(h). We affirm the termination of his parental rights on this basis.

We turn then to the father's second argument, which concerns the statutory exceptions to termination provided in section 232.116(1)(3). Section 232.116(3)(a) states that the court "need not terminate the relationship between the parent and child if the court finds . . . [a] relative has legal custody of the child." This provision is permissive, not mandatory. *See In re C.L.H.*, 500 N.W.2d 449, 454 (Iowa Ct. App. 1993), *overruled on other grounds by P.L.*, 778 N.W.2d 33, 39-40 (Iowa 2010). The decision to apply one of the statutory exceptions to termination is discretionary and depends on the child's best interests under the circumstances of each particular case. *See id.*

Although the maternal grandmother has been granted guardianship of the child, we decline to apply the provisions of section 232.116(3)(a) to preserve the parent-child relationship. Providing the children with a safe, permanent home is in the child's best interest. *See In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially) (noting the "defining elements in a child's best interest" are the child's safety and "need for a permanent home"). The record shows that preserving the father's parental rights is contrary to the child's best interests given the father's history of domestic violence perpetrated against the child's mother and the father's abuse and neglect of children. Terminating the father's parental rights will afford the child the permanency and safety the child needs. Accordingly, we affirm the termination of the father's parental rights.

**AFFIRMED.**